WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR-15-00285-PHX-SPL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| Slornaveed Patolillo Gonzalez, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Defendant's Motion to Reconsider (Doc. 28) the Court's Order denying its Motion to Dismiss (Doc. 27). For the following reasons, the motion will be denied.

On June 5, 2015, Defendant moved to dismiss the Indictment because he alleged his due process rights were violated when he was denied a hearing before an Immigration Judge ("IJ") who had the discretion to grant pre-hearing voluntary departure. (Doc. 17 at 2.) On July 20, 2015, this Court issued an Order denying Defendant's motion. (Doc. 27.)

In asking the Court to reconsider its decision, Defendant cites to *United States v. Martinez,* 786 F.3d 1227, 1230 (9th Cir. 2015), for the proposition that "[w]here a prior removal order is premised on the commission of an aggravated felony, a defendant who shows that the crime he was previously convicted of was not, in fact, an aggravated felony, has established both that his due process rights were violated and that he suffered prejudice as a result." However, that case is distinguishable; the defendant in *Martinez* was a lawful permanent resident while Defendant Gonzalez was an illegal alien. As a

lawful permanent resident, Martinez was only removable because he was convicted of an aggravated felony. The Ninth Circuit therefore found that the lack of an aggravated felony conviction constituted a de facto finding of a due process violation and prejudice. Here, a determination as to whether Defendant was an aggravated felon was not dispositive to the issue of prejudice. Here, the aggravated felony analysis goes only to whether Defendant *might* have been eligible for a pre-hearing voluntary departure, which Defendant was not eligible for.[1] The Court's prior analysis is valid.

Therefore, the Court will deny Defendant's motion for reconsideration. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reconsider Defendant's Motion to Dismiss (Doc. 28) is **denied**.

Dated this 5th day of August, 2015.

Honorable Steven P. Logan
United States District Judge

---

[1] Defendant's jurisdictional argument equally fails. *Noriega-Lopez v. Ashcroft,* 335 F.3d 874, 884 (9th Cir. 2003), to which Defendant cites, addresses the Court's jurisdictional authority under 8 U.S.C. § 1252(a)(2)(C) to review a final order of removal against an alien who is removable by reason of having committed a qualifying criminal offense. Here, the Court does not review the order of removal under 1252(a)(2)(C), it conducts its analysis under 8 U.S.C. § 1326(d).